[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACT
The plaintiff is the owner of a single family residence known as 86 Morris Cove Road in New Haven. The house is located directly on Long Island Sound.
The rear of the plaintiff's home which faces Long Island Sound is improved by a covered porch which is line with the other covered porches in the area. The house is further improved with a small brick patio and wooden platform. The platform, approximately 18 by 20 feet, rests directly on the beach sand. The location of the platform is approximately 100 feet above the mean high water mark.
At the City's request, the plaintiff made an application on March 30, 1995 for coastal management approval for the wooden platform which had been in existence for several years. On March 25, 1995, without holding the discretionary public hearing, the defendant Board denied the plaintiff's application.
The plaintiff appealed in a timely manner.
AGGRIEVEMENT
Evidence was introduced at the trial of the matter which showed that the plaintiff is the owner of the affected property. Accordingly, the court finds that the plaintiff is statutorily aggrieved.
DISCUSSION
CT Page 5253-A
It is conceded that the plaintiff's platform complies with the zoning requirements of the City of New Haven. The question before the court is whether the plaintiff's platform complies with the City's Coastal Management Regulation. Section 55F of the coastal management regulation provides certain exceptions to the controls imposed by that regulation.
Specifically § 55F(2) provides:
 "Construction of new or modification of existing structures incidental to the enjoyment and maintenance of residential property including, but not limited to, walks, terraces, driveways, swimming pools, tennis courts and detached accessory buildings [shall be exempt]."
The plaintiff argues that the exemption includes terraces, walkways and similar structures which are incidental to the enjoyment of residential property. The plaintiff further argues that the platform in question comes within the definition of a terrace as that term is defined in Webster's dictionary. The City does not seem to contest that the platform is incidental to residential use, but denies that it comes within the definition of a terrace.
The court is not completely convinced that the plaintiff's "platform" is a "terrace." However the court notes that the exemption applies to both new structures and the modification of existing structures "included by not limited to" the enumerated structures.
At trial, the City essentially argued that the enumerated structures are permanent in nature and appeared to argue that since the platform is movable it does not come within the class of structures that are exempt. The court finds, at least in most cases, that any "structure" incidental to the enjoyment and maintenance of residential property is exempt. Clearly, the enumerated structures appear to be examples only. Further, the court in considering the purpose of the Coastal Management Regulation can conceive of no logical reason for the distinction argued by the City. It is unnecessary for the court in the instant case to go beyond the platform which is before the court. It finds that that platform is exempt under the regulations. Accordingly, the appeal is sustained and the matter is returned to the City Plan Commission with directions to issue the CT Page 5253-B requested permit because the platform is exempt in accordance with regulation § 55F(2).
The Court by,
Kevin E. Booth, Judge